UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD BASS, SR.,<br><br>     Plaintiff,<br><br>-against-<br><br>NATIONAL SURVEY ON DRUG USE AND MENTAL HEALH NATIONAL INSTITUTE OF HEALTH, et al.,<br><br>     Defendants. | 1:25-CV-4340 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Ronald Bass Sr., of North Plainfield, New Jersey, filed this action *pro se*, seeking what appears to be injunctive relief and declaratory relief against defendants who are federal agencies, federal officials, what appear to be public and/or private entities and individuals located within the State of New Jersey, and the State of New Jersey itself, arising from hospitalizations and/or medical treatment Plaintiff has received within the State of New Jersey. The Court construes Plaintiff's complaint as asserting claims under the Administrative Procedure Act ("APA") against the federal agencies and federal officials named as defendants, claims under 42 U.S.C. § 1983 against the State of Jersey itself and any New Jersey state or local officials or entities named as defendants, as well as claims under state law against the State of New Jersey, any state or local officials or entities named as defendants, and any private individuals or entities named as defendants. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

  The appropriate venue provision for Plaintiff's claims under the APA is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action

brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not seem to allege where any of the federal agencies or federal officials named as defendants reside for the purposes of Section 1391(e)(1)(A). He does seem to allege, however, that a substantial part, if not, all of the alleged events with regard to the federal defendants took place in various locations within the State of New Jersey. The State of New Jersey constitutes one federal judicial district. *See* 28 U.S.C. § 110. Thus, while it remains unclear whether this court[1] is a proper venue for Plaintiff's claims under the APA, under Section 1391(e)(1)(B), it is clear that the United States District Court for the District of New Jersey is a proper venue for Plaintiff's claims under the APA, under that provision. In addition, because Plaintiff resides within the State of New Jersey, within the District of New Jersey, *see id.*, and there does not appear to be any real property involved in this action, the United States District Court for the District of New Jersey, and not this court, is a proper venue for Plaintiff's claims under the APA, under Section 1391(e)(1)(C).

---

[1] This judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

With respect to Plaintiff's claims under 42 U.S.C. § 1983 and under state law against the remaining defendants, the proper venue provision for such claims may be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because Plaintiff does not allege where any of the remaining defendants reside, it is unclear whether this court is a proper venue for Plaintiff's claims against those defendants, under Section 1391(b)(1). Because Plaintiff alleges, however, that a substantial part of the alleged events with regard to those defendants occurred within the State of New Jersey, and not within this judicial district, it is clear that the United States District Court for the District of New Jersey, and not this court, is also a proper venue for Plaintiff's claims against the remaining defendants, under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of

the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying alleged events occurred in various locations within the State of New Jersey, within the District of New Jersey, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the District of New Jersey, which is a proper venue for this action under Section 1391(e)(1)(B) and (C), and under Section 1391(b)(2), appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 3, 2025
        New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge