**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BASS, SR.,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL SURVEY ON DURG USE AND MENTAL HEALTH NATIONAL INSTITUTE OF HEALTH, et al.,<br><br>*Defendants*. | Civil Action No. 25-10389<br><br>**OPINION AND ORDER**<br><br>August 8, 2025 |

**SEMPER,** District Judge.

This matter comes before the Court upon *pro se* Plaintiff Ronald Bass, Sr.'s ("Plaintiff") application to proceed *in forma pauperis*. (ECF 7.)

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**.

However, when assessing an application to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c). Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's papers liberally and holds them to a less stringent standard than the standard applied to papers filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "bald assertions or legal conclusions." *Grohs v. Yatauro*, 984 F.

1

Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)) (internal quotations omitted).

A district court has original jurisdiction over an action where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is a federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff appears to assert claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(A), (B), as well as 42 U.S.C. § 1985[1]. (ECF 1, "Compl.") Therefore, there is federal question jurisdiction which provides this Court with subject matter jurisdiction over this action.

Plaintiff brings two claims against all Defendants under the APA. However, "the APA is of course not applicable to state agencies." *Dep't of Transp. & Dev. v. Beaird-Poulan, Inc.*, 449 U.S. 971, 973 (1980). Additionally, the APA does not apply to the Defendants sued in their individual official capacities as employees of state agencies. *See West Penn Power Co. v. Train*, 522 F.2d 302, 310 (3d Cir. 1975). Plaintiff's APA claims against state agencies and individuals in their official capacities as employees of state agencies are therefore **DISMISSED** with prejudice.

In Count One, Plaintiff claims that Defendants' denial of assistance was not in accordance with law under 5 U.S.C. § 706(2)(A). (Compl. at 11-12.) In Count Two, Plaintiff claims that

---

[1] Plaintiff does not bring an individual claim under 42 U.S.C. § 1985 but instead references Defendants' 1985 violation in Count Two of his Complaint. (*See* Compl. at 13.) This Court must construe Plaintiff's *pro se* filings liberally. *See Marcinek v. Comm'r*, 467 F. App'x. 153, 154 (3d Cir. 2012). To the extent that Plaintiff is asserting a separate claim under Section 1985, Plaintiff has alleged insufficient facts to establish the elements of a conspiracy under the statute. *See Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (to state a claim under § 1985 a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving…any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.").

Defendants under 5 U.S.C. § 706(2)(B) acted contrary to his federal and state constitutional rights by an act of conspiracy to interfere with his civil rights under 42 U.S.C. § 1985 through a violation of the Department of Health and Human Services ("HHS") policy for protection of human research subjects and informed consent of human subjects as specified in 45 C.F.R. § 46.116 and 21 C.F.R. § 50.20.  (*Id.* at 12-13.)  A right of action under the APA exists only where a "final agency action for which there is no other adequate remedy in a court" has occurred.  *Reading v. Austin*, 816 F. Supp. 351, 357 (E.D. Pa. 1993) (quoting *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 231 n.4 (1986)) (internal quotations omitted).  The reviewing court should focus on "the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

The APA requires the reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right, power, privilege, or immunity."  5 U.S.C. §§ 706(2)(A), (B).  Plaintiff provides a letter from the HHS Office for Civil Rights denying any assistance to him and "closing th[e] case without further investigation," as an administrative record of final agency action.  (Compl. at 12, 20-21.)  The Complaint contains no allegations regarding the arbitrary or capricious nature of the agency action, or how it may constitute an abuse of discretion.  Plaintiff's Complaint also fails to identify a cognizable right that the agency action here violated.[2]  Therefore, Counts One and Two against the non-state actor Defendants are **DISMISSED** without prejudice.

---

[2] Though Plaintiff claims Defendants violated his Fifth Amendment rights (*see* Compl. at 13), the Complaint does not specify which of the rights enumerated in the Fifth Amendment were violated, and the Court cannot speculate as to which constitutional rights Plaintiff is referring.

Plaintiff's Complaint explicitly alleges two counts under the APA, but reading the pleadings liberally, Plaintiff also appears to assert a violation of New Jersey Administrative Code § 8:43G-4.1. (Compl. at 14.) This provision of the Administrative Code governs the requirements for hospitals regarding patient care policies, procedures, and medical records; it does not contain a private right of action. *See* N.J. Admin. Code § 8:43G-4.1. Nevertheless, this Court cannot retain jurisdiction over any remaining state law claims, because there is not complete diversity among the parties. *See* 28 U.S.C. § 1332. Plaintiff is a citizen of New Jersey (*see* Compl. at 5) suing the State of New Jersey as well as the New Jersey Department of Human Service, among other Defendants. (*See generally id.*) Accordingly, the Court cannot exercise subject matter jurisdiction.

**IT IS** on this 8th day of August 2025,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 7) is hereby **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF 1) is **DISMISSED** in part with prejudice and in part without prejudice. Plaintiff may file an Amended Complaint within thirty (30) days.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Jose R. Almonte, U.S.M.J.
      Parties