<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD BASS, SR. <br><br> *Plaintiff,* <br><br> v. <br><br> NATIONAL SURVEY ON DRUG USE AND MENTAL HEALTH NATIONAL INSTTUTE OF HEALTH, *et al.* <br><br> *Defendants*. | Civil Action No. 25-10389 <br><br> **OPINION AND ORDER** <br><br> May 26, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Ronald Bass Sr.'s ("Plaintiff") Motion to Vacate the August 8, 2025 Opinion of this Court (ECF 9, "Opinion"). (ECF 13, "Motion" or "Mot.") Plaintiff files the Motion pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 60(b), on the grounds the Court's Opinion is inconsistent with binding precedent. Plaintiff's Motion is unopposed. The Court has decided this Motion without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED,** and the Clerk of the Court is directed to **CLOSE** this matter.

**WHEREAS** Plaintiff Ronald Bass Sr. initially filed a Complaint and application to proceed *in forma pauperis* ("IFP application") on May 19, 2025 alleging two claims under the Administrative Procedure Act ("APA") against all Defendants. (ECF Nos. 1, 9); and

**WHEREAS** this Court granted Plaintiff's IFP application and simultaneously dismissed Plaintiff's APA claims. (*See generally* Opinion.) Plaintiff's APA claims asserted against the state

1

agency defendants and state agency employees were dismissed with prejudice because the APA is not applicable to state agencies. *See Dep't of Transp. & Dev. V. Beaird-Poulan, Inc.*, 449 U.S. 971, 973 (1980). The APA is also inapplicable to state agency employees acting in their official capacities. *See West Penn Power Co. v. Train*, 522 F.2d 302, 310 (3d Cir. 1975); and

**WHEREAS** Plaintiff's claims asserted against the federal agency defendants were dismissed without prejudice. (Opinion at 3.) Although federal agencies are subject to the APA, Plaintiff failed to plausibly allege in his Complaint agency actions that were of an arbitrary or capricious nature that would render them liable under the APA. (Opinion at 3); and

**WHEREAS** Plaintiff seeks relief from the judgment of this Court by filing the present Motion to Vacate under FRCP 60(b)(1), (4), and (6). (*See generally* Mot.) Plaintiff claims this Court's Opinion violates the Supreme Court's holding in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), on the grounds *Harrington* grants him a right to pursue opioid-related claims against "third party non-debtors" that was foreclosed by this Court. (Mot. at 2.) Plaintiff also argues the Opinion violates an unspecified "mandate" of the Second Circuit "confirming that federal district courts must preserve[] the ability of claimants to prosecute their opioid-related injuries against the Sackler's and related entities." (Mot. at 4.) Plaintiff claims the Court's Opinion is "void, has been entered through mistake of law, or is no longer equitable in light of controlling authority[.]" (*Id.*); and

**WHEREAS** Plaintif's Motion to Vacate is properly assessed as a Motion for Relief from Judgment. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025) (holding a motion to vacate is properly analyzed under Rule 60(b)). Rule 60(b) provides a mechanism for a party to seek relief from a final judgment and request the reopening of his case under a limited set of circumstances. *Filippatos v. United States*, No. 2:23-cv-02033, 2024 WL 3409441, at *2 (D.N.J.

2

July 15, 2024). Rule 60(b)(1) motions require the moving party to demonstrate "mistake, inadvertence, surprise, or excusable neglect." *Green v. Kijakazi*, No. 18-11822, 2023 WL 3052729, *2 (D.N.J. Apr. 21, 2023). Rule 60(b)(4) motions apply only in the "rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Rule 60(b)(6) provides a basis for relief from judgment only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014); and

**WHEREAS** here, Plaintiff misreads the Supreme Court's holding in *Harrington*. There, the Supreme Court held a bankruptcy court may not enjoin claims against non-debtor third parties without the consent of claimants as a part of a Chapter 11 reorganization plan. *Harrington*, 603 U.S. at 227. This holding means that it was improper for the New York bankruptcy court to relieve the Sackler family, third party non-debtors to the Purdue Pharma bankruptcy action, of all future opioid-related claims against them. If accepted as a term of the reorganization plan, victims of the opioid epidemic would have been effectively enjoined from filing opioid-related tort claims against the Sackler family. *Id*. at 211; and

**WHEREAS** Plaintiff misconstrues the federal and state government defendants as "third party non-debtors" to the Purdue Pharma action. Plaintiff claims "[t]he State of New Jersey, et al., are third parties non-debtors …" (Mot. at 3.) Plaintiff's understanding of who constitutes "third party non-debtors" is incorrect. The Supreme Court held that the bankruptcy court could not shield the Sackler family, third party non-debtors in the bankruptcy action, from opioid-related claims— it did not create a cause of action allowing claimants to assert any state or federal agency is a "third party non-debtor" and sue them for opioid-related injuries. *Id*. at 211; and

3

**WHEREAS** because Plaintiff misconstrues the holding of *Harrington*, he fails to present evidence of "mistake, inadvertence, surprise, or excusable neglect" that supports relief from the Court's Opinion. Fed. R. Civ. P. 60(b)(1). While Plaintiff correctly asserts in his Motion that under *Harrington*, "individual claimants retain the rights to pursue opioid-related claims directly against the Sackler family and other responsible parties[,]" (Mot. at 2), the decision is not relevant to the disposition of his action.[1] His claims were not dismissed on the grounds they are enjoined by a bankruptcy court's decision. They were dismissed because the APA has no applicability to the state defendants and he fails to allege plausible claims against the federal defendants. (*See generally* Opinion.) The Court's dismissal of Plaintiff's claims did not violate *Harrington* or any mandate by the Second Circuit, an appellate court which does not control the District of New Jersey. Furthermore, it is well-established that a party may not re-litigate issues already decided by the court, such as standing, in a Rule 60(b)(6) motion. *Filippatos*, 2024 WL 3409441 at *3; and

**WHEREAS** Plaintiff fails to show evidence of a violation of due process that entitles him to relief from the Court's judgment pursuant to Rule 60(b)(4). The Court's Opinion does not prevent Plaintiff from asserting claims against the Sackler family in another action. The Opinion also does not preclude Plaintiff from asserting other claims against the government defendants if he can show they are responsible for the opioid-related injuries he claims to possess. Rather, the Opinion holds the APA-based claims Plaintiff asserted in the present action are not applicable to the state defendants and are not well-plead against the federal defendants. (Opinion at 2.) Furthermore, Plaintiff alleges no jurisdictional issues that provides a basis for relief under Rule 60(b)(4); and

---

[1] Plaintiff did not list the Sackler family as defendants in this action.

4

**WHEREAS** the Court holds Plaintiff failed to demonstrate "extraordinary" circumstances entitling him to relief from judgment pursuant to Rule 60(b)(6). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008). Plaintiff has not presented any facts that show he will face extreme hardship absent relief from the prior judgment of the Court. Plaintiff's brief is devoid of any concern of upcoming harm and only alleges past injuries. (*See generally* Mot.) Plaintiff was given 30 days to amend his complaint and plausibly allege violations of the APA against the federal defendants but took no action. (Opinion at 4.) Therefore, any harm that results from Plaintiff being unable to reassert his claims derives from his own lack of action. It is therefore held that Plaintiff has failed to meet the threshold standards showing he is entitled to relief from the Court's judgment under Rule 60(b)(1), (4), or (6).

**IT IS** on this **26th** day of **May 2026**,

**ORDERED** that Plaintiff's Motion to Vacate (ECF 13) is **DENIED** with prejudice; it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter.

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties